United States Court of Appeals

For the Eighth Circuit
_____

No. 22-3372
_____

Jose Gaspar-Felipe

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: October 17, 2023
Filed: January 30, 2024
_____

Before BENTON, SHEPHERD, and KELLY, Circuit Judges.
_____

BENTON, Circuit Judge.

Jose Gaspar-Felipe petitions for review of the dismissal of his appeal by the Board of Immigration Appeals. Having jurisdiction under 8 U.S.C. § 1252(a), this Court denies the petition.

Gaspar-Felipe, an indigenous Guatemalan citizen, came to the United States in 2013 to earn money to help his sick father pay down medical debt. His father

borrowed about 20,000 quetzales from Apolonia Nicolas. Unable to repay her, he began to receive threats. While the debt was still owed, Gaspar-Felipe's uncle was killed. Although Gaspar-Felipe believed Nicolas was responsible, he did not offer a death certificate or any other evidence for his belief. Gaspar-Felipe also testified that his brother had been beaten three times by an "unknown man." He again believed the beatings were due to the debt (but the IJ, after questioning Gaspar-Felipe, found "no stated reason"). However, after police involvement, Nicolas did make a financial contribution to Gaspar-Felipe's family to avoid legal problems for the uncle's killing.

After Gaspar-Felipe paid off his father's debt, Nicolas demanded further payment. Since then, his father has remained in Guatemala in the same house and has not been harmed or threatened. Nearly eleven years passed between the main incidents of violence and his appeal to the BIA in 2018. Gaspar-Felipe himself has never been harmed or mistreated in Guatemala, but if he returns home, he is fearful of gangs there.

The Immigration Judge found facts indicating that Gaspar-Felipe had not been persecuted in the past and that he would not face persecution in the future. The IJ denied Gaspar-Felipe's application for, as relevant here, asylum. The BIA dismissed his appeal.

I.

The Court reviews de novo the BIA's legal conclusions. ***Lopez v. Sessions***, 886 F.3d 721, 724 (8th Cir. 2018). The BIA may not find facts of its own. ***Nabulwala v. Gonzales***, 481 F.3d 1115, 1119 (8th Cir. 2007). If an IJ makes "insufficient finding[s]," the solution is "remand, not revision." ***Kassim v. Barr***, 954 F.3d 1138, 1142 (8th Cir. 2020). This Court reviews the denial of asylum under a substantial evidence standard and will uphold the BIA's findings unless the evidence is "so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." ***INS v. Elias-Zacarias****,* 502 U.S. 478, 478 (1992).

Under the Immigration and Nationality Act, the Attorney General may grant asylum to any alien who is a "refugee." **8 U.S.C. § 1158(b)(1)(A)**. A "refugee" is any person unable or unwilling to return to her country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. **8 U.S.C. § 1101(a)(42)(A)**.

Gaspar-Felipe argues that the Immigration Judge did not engage in sufficient factfinding about the mistreatment of indigenous Guatemalans, and thus the BIA erred by conducting de novo review of the country-conditions evidence.

The IJ engaged in sufficient factfinding. Three years before his oral decision, the IJ directed counsel to file country-conditions evidence. Gaspar-Felipe introduced country-conditions evidence as an exhibit to his brief before the IJ. During oral arguments, the IJ explicitly referenced the brief and confirmed with counsel the pages including the country-conditions evidence. Later, the IJ, sua sponte, engaged Gaspar-Felipe's counsel in a discussion about a potential ethnicity claim. The IJ stated at the beginning of his order that "even if a particular piece of evidence or portion of testimony is not specifically discussed that does not mean it was not considered in reaching this decision." Finally, the IJ found "no nexus to any of the five groups." By finding no nexus to a protected ground, the IJ addressed and dismissed the relief for any past persecution or harm to Gaspar-Felipe. *See* **8 U.S.C. § 1158 (b)(1)(B)(i)** (asylum applicant must show the claimed protected ground "was or will be at least one central reason" for persecution).

The IJ then addressed future persecution by finding that Gaspar-Felipe's father, whose debt spurred Gaspar-Felipe to come to the United States, has been living unharmed in Guatemala. Gaspar-Felipe's child and the child's mother live with his father and have not been threatened or harmed. While Gaspar-Felipe's brother also lives in that household and claimed to have been beaten up three times, the IJ found that the unknown man gave no stated reason for the assault. *See* ***Mejia-Ramos v. Barr***, 934 F.3d 789, 793–94 (8th Cir. 2019) ("the reasonableness of a fear

-3-

of persecution is diminished when family members remain in the native country unharmed, and the applicant himself has not been singled out for abuse"), *quoting* ***Alyas v. Gonzales***, 419 F.3d 756, 761 (8th Cir. 2005).

Gaspar-Felipe did not demonstrate he suffered past persecution on account of a protected factor, or offer credible, specific evidence that a reasonable person in his position would fear persecution if returned to Guatemala. *See* ***Makatengkeng v. Gonzales****,* 495 F.3d 876, 881 (8th Cir.2007) (to show a well-founded fear of future persecution, the alien must show fear is both subjectively genuine and objectively reasonable; the alien may establish objective component with credible, direct, and specific evidence).[1]

\* \* \* \* \* \* \*

The petition for review is denied.

_____

---

[1] Gaspar-Felipe argues that the BIA erred in deciding that he waived the issue of future persecution during the discussion with the IJ. Due to the holding here, the Court need not address this issue of waiver.